UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.R.R.,

Petitioner,

Case No. 1:26-cv-3122

v.

Honorable Jane M. Beckering

MATTHEW PUTRA et al.,

Respondents.

______________________________/

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.23–24.) In an order entered on November 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 10.) Respondents filed their response and a recording of the May 4, 2026, bond hearing on November 5, 2026, (Resp., ECF No. 11; Recording of May 4, 2026, Bond Hearing, filed on Nov. 5, 2026), and Petitioner filed his reply[1] on November 10, 2026, (ECF No. 12).

## II. Relevant Factual Background

Petitioner is a citizen of Sri Lanka who entered the United States in May 2023. (Notice to Appear (NTA), ECF No. 1-4, PageID.53.) Petitioner was arrested by ICE on December 15, 2025. (*Id.*)

On May 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Hr'g Tr., ECF No. 1-2, PageID.30–46.) At the conclusion of the May 4, 2026, hearing, the immigration judge denied Petitioner's request for bond because "[Petitioner] has not shown he is not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.28.)

During the hearing, the immigration judge stated: "The court finds the [Petitioner] has not shown he is not a flight risk." (Bond Hr'g Tr., 15:9–10, ECF No. 1-2, PageID.44.) The immigration judge further stated: "So for that reason, the court finds he has not shown he's not a flight risk." (*Id.*, 16:3–5, PageID.45.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

[1] When Petitioner filed his reply, Petitioner also filed an unopposed motion for leave to file under seal a medical expert's evaluation letter containing medical information, which Petitioner seeks to submit as an exhibit to his reply. (ECF No. 13.) Respondents do not oppose the request, and the Court finds that Petitioner's interest in protecting his sensitive medical information outweighs the public's interest in disclosure of the evaluation letter. Accordingly, the Court will grant Petitioner's motion. (ECF No. 13.)

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.[2]

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 13, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

[2] To the extent Petitioner raises claims regarding the conditions of Petitioner's confinement, he is free to raise these claims in a civil rights action.